UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM MICHAEL HAMMETT, Jr., | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 10-442 (JDB) |
| U.S. PAROLE COMMISSION et al., | ) ) ) | |
| Respondents. | ) ) | |

# MEMORANDUM OPINION

Petitioner William Michael Hammett, Jr. has paid the filing fee and filed a *pro se* petition for a writ of *habeas corpus*. The petition will be dismissed *sua sponte*.

Hammett is currently confined in the District of Columbia Jail, having been detained on a parole violator warrant issued by the United States Parole Commission. *See* Pet. at 1-2. Hammett's sole argument in support of his petition is that the supervised release statute, D.C. Code § 24-403.01, which authorizes the Parole Commission to issue violator warrants, "violates the separation of powers doctrine in that the provision gives the U.S. Parole Commission the same power as is vested in the courts. Such usurpation of power is forbidden by the Constitution of the United States of America . . . ." Pet. at 2, ¶ 1. Hammett asks that the statute be "recalled" and that he "be released immediately." *Id.* at 5.

This argument, and similar separation of powers arguments, have been raised often and rejected each time. In *Montgomery v. U.S. Parole Commission,* Civil Action No. 06-2113 (CKK) 2007 WL 1232190, (D.D.C. April 26, 2007), the petitioner argued that he should be

granted *habeas* relief because the Parole Commission is not an Article III court, yet exercises judicial power, in violation of the separation of powers doctrine. *See id.,* 2007 WL 1232190, *2. The court rejected that argument, explaining that

> [t]he Parole Commission has no authority to impose a prison sentence upon conviction of a crime; this authority rests with the Superior Court of the District of Columbia. *See* D.C.Code § 11-923(b) (2006) (granting jurisdiction to Superior Court over any criminal case under District of Columbia law). The [U.S.] Parole Commission has full authority to grant, deny, or revoke a District of Columbia offender's parole, and to impose or modify conditions upon an order of parole. *See* D.C. Code § 24-131(a)(2006). If a parolee allegedly has violated conditions of his release, the Parole Commission is authorized to "[i]ssue a warrant for the apprehension and return of the offender to custody." 28 C.F.R. § 2.98(a)(2) (2006). Among the available sanctions for a parolee's violation of conditions of his release is his return to custody. *See* 28 C.F.R. § 2.20. The Parole Commission does not exercise a judicial function and its decisions do not violate the separation of powers. *Geraghty v. U.S. Parole Comm'n*, 719 F.2d 1199, 1211-12 (3rd Cir. 1983); *Artez v. Mulcrone,* 673 F.2d 1169, 1170 (10th Cir.1982); *Page v. U.S. Parole Comm'n*, 651 F.2d 1083, 1085 (5th Cir.1981); *Morrison v. U.S. Parole Comm'n,* No. 04-2192, 2006 WL 1102805, at *2 (D.D.C. Apr.26, 2006).

*Montgomery,* 2007 WL 1232190, * 2. Another judge of this court has further explained:

> The [U.S.] Parole Commission has had jurisdiction over parole matters of District of Columbia felons since August 1998. D.C. Code § 24-1231 (now § 24-131); *see Franklin v. District of Columbia,* 163 F.3d 625, 632 (D.C. Cir. 1998). It is empowered to grant, deny, or revoke a District of Columbia offender's parole and to impose or modify his parole conditions. D.C. Code § 24-131(a). As the duly authorized paroling authority, the Commission does not usurp a judicial function when, as here, it acts "pursuant to the parole laws and regulations of the District of Columbia." D.C. Code § 24-131(c). This is so because "parole revocation is not the continuation of a criminal trial but a separate administrative proceeding". . . pertaining to the execution of an imposed sentence.

*Thompson v. District of Columbia Dep't of Corrections,* 511 F. Supp. 2d 111, 114 (D.D.C. 2007) (quoting *Maddox v. Elzie,* 238 F.3d 437, 445 (D.C. Cir. 2001)); *see also Leach v.U.S. Parole Comm'n,* 552 F. Supp. 2d 250, 251 (D.D.C. 2007) (same); *accord Taylor v. Norton*, Civil Action No. 05-1634 (EGS), 2006 WL 1071517, *1-2 (D.D.C. Apr. 21, 2006).

As the law is settled with respect to the sole issue the petitioner raises, there is no need to litigate it again. Accordingly, the petition for *habeas* relief will be dismissed. A separate order accompanies this memorandum opinion.

Date: April 2, 2010

/s/
JOHN D. BATES
United States District Judge